UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DR. PRASHAN GUNASEKERA,

       Plaintiff,

v.                                                                    Case No.  2:17-cv-163
                                         HON.  PAUL L. MALONEY

THE CHIPPEWA COUNTY WAR
MEMORIAL HOSPITAL, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dr. Prashan Gunasekera filed this action against Defendant Chippewa County War Memorial Hospital, Inc., asserting claims of breach of contract, violations of the Michigan Elliot-Larsen Civil Rights Act, violation of the Family and Medical Leave Act, fraud in the inducement to enter an employment contract, and intentional infliction of emotional distress. Defendant has filed a motion to dismiss and to compel arbitration (ECF No. 4).

Plaintiff alleges that in December 2014, his employment recruiter arranged an interview for Plaintiff with Defendant for an emergency medical position at the hospital. During Plaintiff's interview, he was told that an emergency medical position was not available, but that a family medicine position was available. Plaintiff states that he was enticed by Defendant to interview for the family medicine position based upon promises that Defendant would hire Plaintiff's wife as a pharmacist if he accepted the position. Defendant informed Plaintiff after the job offer that he should consider working for Riverside Medical Associates, P.C., and that Defendant would provide his compensation. Plaintiff indicates that the terms of the agreement were kept vague and

he informed Defendant that he was not interested in working for Riverside Medical Associates, P.C. Defendant informed Plaintiff that he would be "on call," expected to perform C-Sections and attend other births, and admit pediatric patients.  Plaintiff states that he was told that additional shifts in the emergency medicine department would be available.  As a result, Plaintiff accepted the position with Defendant and the parties entered into a written agreement.

Plaintiff asserts that he was required to work excessive hours and an on-call schedule that was not in accordance with his employment agreement.  Defendant refused to allow Plaintiff to work emergency room shifts.  Plaintiff was threatened with termination when he questioned whether he was being treated differently due to his race and national origin and expressed safety concerns due to working long hours.  Plaintiff expressed concerns over the changes made to his job duties and his immigration status.  As a result, on May 5, 2017, Plaintiff was terminated from his employment. Plaintiff alleges that he was terminated in retaliation for his complaints of discrimination.  Plaintiff filed this action based upon federal question jurisdiction under 29 U.S.C. § 216(b), 42 U.S.C. § 2000(e), 28 U.S.C. § 1331 and 1343, federal commerce jurisdiction under 28 U.S.C. § 1337, and diversity jurisdiction under 28 U.S.C § 1332.  On October 2, 2017, the hospital made a demand for arbitration regarding Plaintiff's breach of a promissory note and breach of contract regarding payment of immigration fees.  (ECF No. 4-5, PageID.76).  The hospital seeks $34,974.60 plus $356.04 interest and attorney fees, in addition to other attorney fees and arbitration costs.  Plaintiff filed his complaint in this court on the same date.

Defendant moves to dismiss this action and compel arbitration as stated in the agreement between the parties.  Plaintiff asserts that the agreement is invalid because he was induced by fraud to enter into the agreement.  It is undisputed that the parties entered into an employment

agreement on January 9, 2015.  The agreement is entitled "Physician Employment Agreement Between The Chippewa County War Memorial Hospital, Inc. And Prashan Gunasekera, M.D." (ECF No. 4-2, PageID.36-70).  The agreement provides in part:

### XII. DISPUTE RESOLUTION

12.1   Dispute Resolution. Any dispute which otherwise might result in litigation shall be resolved by the alternative dispute resolution mechanisms provided below. Subject to and limited by the foregoing sentence and the procedures below, if any controversy arises concerning or related to this Agreement for which litigation is permissible under this Agreement, jurisdiction and venue shall be in the appropriate court having subject matter jurisdiction over the controversy, sitting within the judicial district or circuit in which the principal offices of Hospital are located on the date of the dispute.

12.1.1   Informal Procedures. Whenever Hospital or Physician gives a notice of termination under this Agreement, the receiving party may, by immediate written request to the party which gave notice, obtain a meeting to discuss the differences between the Parties. Such meeting shall be scheduled so that it takes place prior to the effective date of termination or expiration, unless the termination is immediate by reason of a gross, irremediable breach. Such meeting shall be attended by Physician and the Hospital CEO and/or designee. The Parties shall have the opportunity at such meeting to set forth their position on the perceived deficiency or remedy (if any) to the circumstances giving rise to the notice.

12.1.2   Arbitration.  Any dispute which may arise under this Agreement or in the course of the employment relationship between Physician and Hospital, which is not the kind of matter subject to resolution or is not resolved in accordance with Section above, shall be, at either party's written request to the other, exclusively submitted to and governed by the determination reached as a result of arbitration in Chippewa County, Michigan, consistent with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in effect at the time of any such dispute.  If the dispute involves a claim (and potentially counterclaim) submitted to the AAA as having a monetary value totaling less than $500,000, a single arbitrator selected in accordance with AAA's commercial arbitration rules for

3

appointment of a neutral arbitrator shall be used.  If the claim has a monetary value of $500,000 or more or involves a request for injunctive relief, there shall be three (3) arbitrators.  Each arbitrator shall be a licensed attorney or certified public accountant, except where the matter in dispute is clinical in nature, a three arbitrator panel is used and one of the parties requests that the third arbitrator be a physician.  If a party requests that the third arbitrator be a physician, the third arbitrator shall be a physician licensed to practice allopathic or osteopathic medicine, who is not a member of the medical staff of the Hospital. The arbitrators shall be selected in accordance with standard AAA processes. Each arbitrator shall execute an agreement with the Parties which shall provide as follows:

(i)   Each arbitrator shall accept the appointment and agree to complete the arbitration with reasonable diligence, and pursuant to a majority vote and otherwise in accordance with the then pertaining Commercial Arbitration Rules of the AAA;

(ii)  Each arbitrator and each party shall agree to keep all information made available to him/her/it with respect to the parties in strict confidence; and

(iii) While the Parties shall each be obligated to pay their own costs, such as attorneys' fees, the Parties to the arbitration shall jointly responsible for the costs of the arbitration (including the hourly charges of the arbitrators at their customary levels), all of which cost may, in turn, be awarded to any or all Parties to the arbitration as the arbitrators shall determine.

A demand for arbitration shall be made within six (6) months after the claim shall have accrued, plus the time of any written extensions given to the party demanding arbitration from the other party. The foregoing requirement for arbitration shall not foreclose the institution of litigation by any party hereto in the Chippewa County Circuit Court (in which exclusive jurisdiction and venue is acknowledged) seeking immediate injunctive relief for a breach of the provisions of this Agreement pending the outcome of arbitration or to compel the arbitration process. Any arbitration award shall be entitled to enforcement by decree of any court of competent jurisdiction and shall be final and binding upon all parties here or claiming an interest here.

Arbitration may proceed in the absence of any party who fails or refuses to attend after notice deemed by the arbitration panel to be appropriate.

\* \* \* \* \*

12.2    <u>Entire Agreement</u>.  This Agreement and all of its exhibits, Hospital Human Resource Policies, applicable Medical Staff Bylaws, Division Rules, and all other policies and rules referenced in this Agreement (as may be amended from time to time) constitute the entire agreement of the Parties regarding the subject matter of this Agreement.  All prior agreements between the Parties, whether written or oral, are merged in this Agreement and shall have no effect.

12.3    <u>Applicable Law, Merger, Waiver and Modification</u>.  This Agreement shall be governed by Michigan law. The section headings are for convenience only and shall have no legal significance in the interpretation of this Agreement.    No modification, change or discharge of this Agreement may occur orally, but only by further written agreement of the Parties. A waiver by either party of any breach or provision of this Agreement shall not waive any other breach or provision.  No person or entity, except the Parties (including Physician's estate), shall be beneficiaries of any kind of the consideration or terms of this Agreement.  In no event shall Physician assign any of Physician's rights, powers, duties and obligations under this Agreement without the receipt of the prior written consent of Hospital. This Agreement shall be binding upon and inure to the benefit of the successors and permitted assigns of the Parties.

12.4    <u>Partial Invalidity and Severability</u>.  Subject to amendment or termination in the event of certain legal circumstances described in Section 7.2.4, if any part or provision of this Agreement is determined by arbitration or a court of competent jurisdiction to be void or unenforceable to any extent, such part of provision shall be deemed severable from this Agreement, and the remainder of this Agreement shall be fully enforced, unless severance would materially adversely affect the obligations or rights of a party, in

5

which case that party may terminate this Agreement upon thirty
(30) days advance written notice to the other party.

Defendant argues that the arbitration clause in the employment contract must be enforced.  Plaintiff argues that the entire employment contract is voidable due to fraud in the inducement and that this issue must be litigated in this court.  "A written agreement to arbitrate arising out of a transaction in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2.  To enforce this dictate, the Federal Arbitration Act (FAA) provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement."  *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "Under the FAA, a district court's consideration of a motion to compel arbitration is limited to determining whether the parties entered into a valid agreement to arbitrate, and does not reach the merits of the parties' claims."  *Burden v. Check Into Cash of Kentucky, LLC.*, 267 F.3d 483, 487 (6th Cir. 2001).  An arbitration agreement may be invalidated in the same manner as any "contract defenses, such as fraud, duress, or unconscionability."  *Rent-A-Center v. Jackson*, 561 U.S. 63, 68 (2010) (citing *Doctors' Associates, Inc., v. Casarotto*, 517 U.S. 681, 687 (1996)).  A court should enforce the agreement to arbitrate "absent the most extreme circumstances."  *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000).

Plaintiff argues that the entire employment agreement is unenforceable due to the fraud committed by Defendant to induce Plaintiff to sign the agreement.  Plaintiff has not specifically asserted that he was fraudulently induced to agree to arbitrate disputes that arise under the agreement.  Rather, Plaintiff has asserted that the arbitration agreement is part of the entire contract that is

6

unenforceable due to fraud. However, a claim of fraud in the inducement to enter into an employment

agreement, is not equivalent to a claim of fraud in the inducement to include an arbitration clause in

the same agreement.   Plaintiff must establish that the inclusion of the arbitration clause into the

agreement was an action induced by fraud.  "In determining the validity of an arbitration agreement

contained in a contract subject to the FAA, the Supreme Court has held that once a court determines

that the agreement to arbitrate has not been fraudulently induced, all other issues falling within that

agreement are to be sent to arbitration."  *Ferro Corporation v. Garrison Industries, Inc.*, 142 F.3d

926, 933 (6th Cir. 1998) (citing *Prima Paint Corp. v. Flood & Conklin, Mfg.,* 388 U.S. 395, 403-

404 (1967)).

> The Sixth Circuit explained:
>
> Nevertheless, under *Prima Paint*, issues relating to the making of an
> arbitration agreement, separate from the underlying contract, are to
> be determined by the court not the arbitrator.  *Prima Paint*, 388 U.S.
> at 404, 87 S.Ct. 1801.  "So, for example, a challenge based on fraud
> in the inducement of the whole contract (including the arbitration
> clause) is for the arbitrator, while a challenge based on the lack of
> mutuality of the arbitration clause would be for the court."
> *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 868 (7th Cir. 1995)
> (citations omitted).  "If the fraud relates to the arbitration clause
> itself, the court should adjudicate the fraud claim.  *Ferro Corp. v.
> Garrison Indus.*, 142 F.3d 926, 933 (6th Cir. 1998) (quoting *R.M.
> Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 539 (5th Cir.1992)). .
> . . Specifically, for a complaint of fraud in the inducement to survive
> *Prima Paint*, the complaint must contain "a well-founded claim of
> fraud in the inducement of the arbitration clause itself, *standing
> apart from the whole agreement*, that would provide grounds for the
> revocation of the agreement to arbitrate."  *Arnold [v. The Arnold
> Corp.*, 920 F.2d 1269], 1278 (emphasis in original).

*Burden*, 267 F.3d at 491.

Plaintiff's complaint is devoid of any argument that the arbitration clause in the

employment agreement is invalid due to fraud or other reason.  Plaintiff has only asserted that the

7

entire employment agreement is voidable due to fraud in the inducement.  The issue of whether the entire agreement was induced by fraud is an issue that is appropriate for arbitration under the agreement.  The agreement to arbitrate contains broad language regarding the claims that may be determined in arbitration.  The agreement covers any dispute under the agreement or in the course of the employment relationship.  Plaintiff has set forth no facts or argument that could support a claim that he was fraudulently induced to enter into the arbitration agreement.  Claims asserted under statutes such as the Michigan Elliot-Larsen Civil Rights Act and the Family Medical Leave Act are matters that may be resolved through arbitration.  *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 312 (6th Cir. 1991); *Rembert v. Ryan's Family Steak Houses, Inc*, 235 Mich, App. 118, 156, 596 N.W.2d 208, 226 (1999).  In the opinion of the undersigned, the parties entered into a valid arbitration agreement when they signed the employment agreement.  Plaintiff has not independently challenged the arbitration agreement as void under any legal theory.  The arbitration agreement is inclusive of the issues that are in dispute.  Plaintiff's claim that he was fraudulently induced to enter the employment agreement is a matter that is determinable in arbitration.

Defendant has requested that the Court dismiss this case and compel arbitration. Authority exists to support the conclusion that a court may dismiss a case when all the issues raised in the complaint can properly be resolved during the arbitration proceeding.  *Moore v. Ferrellgas, Inc.*, 533 F. Supp.2d 740, 751-752 (W.D. Mich. 2008).  9 U.S.C § 3 authorizes the Court when compelling arbitration to stay the litigation "until such arbitration has been had in accordance with the terms of the agreement."  Noting that the Supreme Court has not decided this issue and that the Circuit courts are split on the issue, the Second Circuit discussed whether a stay or dismissal was appropriate in *Katz v. Cellco Partnership*, 794 F.3d 341, 345-347 (2d Cir. 2015) (finding that the

plain language of 9 U.S.C. § 3 requires the court to stay proceedings pending arbitration).  In the opinion of the undersigned, the Court should compel arbitration, stay the litigation in this court, and administratively close the case until the parties seek to confirm the arbitration award.

Defendant has moved for costs and attorney fees because Plaintiff's claims are clearly matters for arbitration in accordance with the employment agreement.  "Attorney fees generally are not awarded to the prevailing party unless there is explicit authorization 'from statute,' or the losing party has exhibited 'bad faith, wanton or vexatious conduct.'"  *Moore*, 533 F. Supp.2d at 752. Defendant has not cited any statutory authority under the FAA to support the claim for costs and fees.  Defendant relies on the decision in *Parrott v. Corley*, 2006 U.S. Dist. Lexis 97339, at 4-6 (E.D. Mich. 2006) in support of Defendant's claim for fees and costs.  The decision in *Parrott* notes that "an award of sanctions under [28 U.S.C.] § 1927 is discretionary."  *Id*. at 2.  Defendant does not set forth the fees and costs being sought.  In the demand for arbitration that Defendant filed with the American Arbitration Association, Defendant requested attorney fees and costs. (PageID.76). Defendant must first present the claim for fees and costs to the arbitrator.   In the opinion of the undersigned, attorney fees are not warranted at this time.

Accordingly, it is recommended that the court GRANT Defendant's motion (ECF No. 4), in part, by compelling arbitration and DENY Defendant's motion, in part, by not dismissing the case.  It is further recommended that the court enter a stay of the case and administratively close the case.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


                                         /s/ Timothy P. Greeley
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE

Dated:   April 6, 2018