UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PRASHAN GUNASEKERA,                    )
                        Plaintiff,      )
                                        )          No. 2:17-cv-163
-v-                                     )
                                        )          Honorable Paul L. Maloney
CHIPPEWA COUNTY WAR MEMORIAL            )
HOSPITAL, INC.,                         )
                        Defendant.      )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION, STAYING AND ADMINISTRATIVELY CLOSING LAWSUIT

Plaintiff Dr. Prashan Gunasekera filed this lawsuit against his former employer, Defendant Chippewa County War Memorial Hospital. Defendant Hospital filed a motion to dismiss based on an arbitration clause in Gunasekera's employment contract. The magistrate judge reviewed the motion and issued a report recommending the dispute be sent to arbitration, the lawsuit stayed, and the case administratively closed until either party seeks confirmation of the arbitration award. (ECF No. 7.) Gunasekera filed objections. (ECF No. 8.) The Hospital did not timely file any objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de

novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge recommends the matter be referred to arbitration, as required by the arbitration clause in the employment contract.  The magistrate judge concluded that Plaintiff's fraud in the inducement claim addressed the employment contract generally, and not the arbitration clause specifically.  Under those circumstances, the fraud claim must be resolved by the arbitrator, and not by the court.

Plaintiff objects.  Plaintiff argues the authority cited by the magistrate judge supports Plaintiff's argument that a fraud claim must be decided by the court.  Plaintiff then identifies all of the assertions in the complaint that support his claim for fraud in the inducement.

Plaintiff's objection is overruled.  For decades, the Supreme Court and the Sixth Circuit have distinguished between fraud claims against entire contract and fraud claims against an arbitration clauses contained within contract.  *Prima Paint Corp. v. Flood & Conkline Mfg. Co.*, 388 U.S. 395, 403-04 (1967); *Frydman v. Feldman*, 798 F.2d 469 (6th Cir. 1986) (unpublished table opinion).  The Supreme Court has held that, in situations where an arbitration clause is contained within a larger contract, a challenge to a different provision of the contract, or to the contract as a whole, does not prevent a court from enforcing the arbitration clause, which "'is severable from the remainder of the contract.'" *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010) (quoting *Buckeye Check Cashing, Inc. v. Cardengna*, 546 U.S. 440, 445 (2006)); *see Moran v. Svete*, 366 F. App'x 624, 630 (6th Cir. 2010) (explaining that courts resolve claims for fraud in the inducement of an arbitration clause itself, but not claims for fraud in the inducement of the contract

generally) (quoting *Buckeye*, 546 U.S. at 445).  The Plaintiff's allegation of fraudulent inducement, quoted in the objections, all address the general terms of the contract.  None of the allegations are specific to the arbitration clause.

Because Plaintiff's fraud in the inducement allegations go the making of the agreement, and not to the arbitration clause specifically, the magistrate judge correctly concluded that the dispute between the parties must be resolved by the arbitrator, consistent with the arbitration clause in the employment contract.

For this reason, the R&R (ECF No. 7) is **ADOPTED** as the Opinion of this Court.  Defendant Hospital's motion to dismiss and to compel arbitration (ECF No. 4) is **GRANTED IN PART.**  This lawsuit is **STAYED** and **ADMINISTRATIVELY CLOSED.**  When the arbitration has concluded, either party may request that this lawsuit be reopened, the stay lifted, and the arbitration award confirmed.  **IT IS SO ORDERED.**

Date:  April 26, 2018                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge