UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| PRASHAN GUNASEKERA, ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-163 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| CHIPPEWA COUNTY WAR MEMORIAL ) | |
| HOSPITAL, INC., ) | |
| Defendant. ) | |
| ) | |

### OPINION AND ORDER LIFTING STAY AND DENYING MOTION TO VACATE ARBITRATION AWARD

Plaintiff Prashan Gunasekera filed a document titled "Motion for Attorney Fees, Costs and Interest, Pursuant to the Family and Medical Leave Act 29 U.S.C. 2717(a)(3)." (ECF No. 10.) The parties resolved their underlying dispute through arbitration and the arbitrator explicitly declined to award attorney fees and costs. To grant Plaintiff the relief he seeks in this motion, Plaintiff must first establish a basis for this Court to vacate the arbitrator's award. Plaintiff has not done so. The Court will deny the motion.

I.

In his complaint, Plaintiff asserted seven counts. Six of the seven counts raised claims under Michigan law. The third count raised a federal claim for interference with Family and Medical Act Leave (FMLA) benefits. Relying on an arbitration provision in the employment contract, Defendant Chippewa County War Memorial Hospital filed a motion to dismiss

and to compel arbitration. The Court granted the motion, stayed the lawsuit and administratively closed the action until either party sought to confirm the arbitration award.[1]

The arbitrator issued his decision on March 25, 2019. (ECF No. 10-1.) The arbitrator summarized the somewhat complicated arrangement that brought Plaintiff from the United Kingdom to Michigan's upper peninsula. The arbitrator then addressed and resolved the various claims advanced by both parties. In short, the arbitrator found the following: (1) Plaintiff did not breach his employment contract as alleged by Defendant; (2) Plaintiff owed Defendant $12,600 as repayment for immigration expenses; (3) Plaintiff owed Defendant $23,214 as the balance of the recruitment loan; (4) Plaintiff did not prove his claim for fraud in the inducement; (5) Defendant breached the employment contract and awarded Plaintiff $35,833; (6) Defendant violated the FMLA and awarded Plaintiff $18,000; (7) Defendant did not terminate Plaintiff as a retaliatory action; (8) Plaintiff did not prove his claim for intentional infliction of emotional distress; and (9) Plaintiff did not prove his claims for race and national origin discrimination brought under state law. As part of his resolution of the FMLA claim, the arbitrator denied Plaintiff's request for attorney fees. In relevant part, the arbitration explained

> The Family [and] Medical Leave Act states that in addition to any judgment awarded to the employee, reasonable attorney fees may also be awarded. Dr. Gunasekera and the hospital voluntarily chose by contract to have all employment issues resolved by arbitration and the dispute resolution section of the employment contract states that the parties are each obligated to pay their own costs and attorney fees. Since the powers of the arbitrator flow from the powers given to the arbitrator in the contract, attorney fees cannot be awarded in this arbitration case. Even if the contract did not prohibit the

---

[1] Plaintiff has not asked the Court to lift the stay either separately or as part of this motion. As part of the Order, the Court will need to lift the stay and reopen the case.

>     awarding of attorney fees, no evidence was submitted at the hearing which
>     could be used as a basis for determining an appropriate amount of attorney
>     fees allocated to the FMLA issue.  Consequently, no attorney fees are awarded.

(*Id.* PageID.155.)  Near the end of the decision, after specifically ordering the various payments, the arbitrator wrote "[n]o costs or attorney fees are ordered." (*Id.* PageID.158.) In the final sentence, the arbitrator stated "[a]ll claims not expressly granted herein are hereby denied." (*Id.*)

## II.

Plaintiff argues the arbitrator exceeded his authority and failed to award attorney fees and costs when Plaintiff prevailed on his FMLA claim.[2]  (ECF No. 10 at 7 PageID.126.) Plaintiff reasons that the arbitrator erred because a statutory right to attorney fees cannot be waived through arbitration agreements.  Plaintiff also argues the arbitrator's decision was in manifest disregard for the law.  (*Id.* at 11-12 PageID.130-31.)  In the reply brief filed here, Plaintiff indicates that he made the request for attorney fees to the arbitrator in his post-hearing brief.[3]  (ECF No. 12 PageID.332.)

---

[2] In its response, Defendant also seeks an award of attorney fees.  Defendant argues the arbitrator exceeded his authority and showed a manifest disregard for the law by failing to award Defendant its attorney fees when it prevailed on the issue of the promissory note and because the terms of the promissory note allowed Defendant to recover attorney fees.  Defendant, however, has not filed any motion to confirm, modify or vacate the arbitration award.  Accordingly, the Court declines to consider Defendant's request.

[3] On page 12 of his closing brief to the arbitrator, Plaintiff wrote "[i]n addition, the attorney fees expended to bring this instant action are high.  Pursuant to the statute, he is entitled to recover all of his monetary losses, including attorney fees." (ECF No. 12-1 at 12 PageID.349.)  Later in the same paragraph, Plaintiff wrote "[f]inally, he is entitled to recover all of his attorney fees.  As of the date of this writing, those fees exceed $35,000." (*Id.* at 13 PageID.350.)

A.

The Federal Arbitration Act (FAA) contains a presumption that arbitration awards will be confirmed.[4] *Nationwide Mut. Ins. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C. § 9.) "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of America, AFL-CIO, Dist. 27, Sub-Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990). "'[C]ourts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes that the arbitrator made a serious *legal* or factual error.'" *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 422 F.3d 471, 476 (6th Cir. 2006) (emphasis added in *Solvay*) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

The statutory grounds identified in the FAA provide the "exclusive" means for vacating an arbitration award. *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 578 (2008); *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008) (quoting *Hall Street*). Section 10(a) of the FAA sets forth the four situations for which a court may vacate an arbitration award: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been

---

[4] In its motion to dismiss, Defendant relied on federal law, the FAA, and not on any state law concerning arbitration.

prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them than a mutual, final, and definite award upon the subject matter submitted was not made. *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (citing 9 U.S.C. § 10(a)).

Prior to *Hall Street*, the Sixth Circuit and other federal circuits permitted a district court to vacate an arbitration award for the manifest disregard for the law. *Coffee Beanery, Ltd. v. WW LLC*, 300 F. App'x 415, 419 (6th Cir. 2008). The Sixth Circuit interprets *Hall Street* as "not foreclose[ing] federal courts' review for an arbitrator's manifest disregard of the law." *Id.* at 418. The Sixth Circuit continues to employ the "well-established precedent" and courts within the circuit may "employ the 'manifest disregard' standard." *Id.* at 419. Manifest disregard occurs when two factors are present: (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle. *Id.* at 418 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995)). The second factor requires a showing that the arbitrator was aware of the legal principle and consciously chose not to follow the law. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). A simple error in the interpretation or application of the law does not establish manifest disregard. *Coffee Beanery*, 300 F. App'x at 418.

B.

Plaintiff has not established a basis for this Court to vacate the arbitration award.[5] Plaintiff's evidence does not establish that the arbitrator exceeded his authority. Here, Plaintiff contends that the arbitrator made a legal error. Assuming that the party must be awarded attorney fees for a claim under the FMLA and the statutory right to fees cannot be waived by contract, Plaintiff is correct that the arbitrator made an error of law. Establishing an error of law, however, does not prove that the arbitrator exceeded his authority. Because the parties contractually agreed to have their dispute resolved by an arbitrator, the party seeking relief must show that the arbitrator acted outside the scope of his or her contractual authority. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). A party will not prevail simply by showing that the arbitrator "committed an error—or even a serious error." *Id.* (quoting *Stolt-Nielson S.A. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

> "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." . . . . In that situation, an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator "exceeded [his] power," for the task of an arbitrator is to interpret and enforce a contract, not to make public policy.

*Stolt-Nielson*, 559 U.S. at 672-72 (alternations in *Stolt*, internal citation omitted). The arbitrator acted within the scope of his contractual authority. The parties obtained exactly what they bargained for, the arbitrator resolved their employment dispute. That the

---

[5] Plaintiff does not argue the award was the product of corruption, fraud or partiality. Plaintiff does not argue that the arbitrator was guilty of some misbehavior or misconduct.

arbitrator erred in applying the law does not demonstrate that he exceeded or even abused that authority.

Neither has Plaintiff established that the arbitrator's decision to deny attorney fees was in manifest disregard for the law. Plaintiff's request for attorney fees is fleeting at best. Plaintiff did not develop the argument in the arbitration proceedings. Plaintiff did not cite any authority informing the arbitrator that attorney fees were mandatory. On this record, the Court cannot conclude that Plaintiff made a claim for attorney fees in his initial claim and brief to the arbitrator. *See, e.g., Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, (11th Cir. 1995) (finding that the parties did not submit the issue of attorney fees to the arbitrator and noting that the "Statement of Claim makes no request for attorneys' fees, and neither party presented evidence or argument on the issue."). Plaintiff has not established that he made the arbitrator aware of an indisputable legal principle and that the arbitrator consciously ignored that principle. Plaintiff has presented no evidence that he made the arbitrator aware that the arbitrator could award attorney fees for the FMLA claim even though the arbitration agreement stated otherwise.[6]

Even if this Court were to conclude that the error of law was a viable basis for vacating the award, the arbitrator made an alternative finding of fact that would preclude this Court from granting Plaintiff the relief he seeks. Plaintiff did not submit any evidence to the

---

[6] Following the award, the parties exchanged emails with each other and with a representative of the American Arbitration Association about the issue of attorney fees. The Court does not consider the email exchanges to be part of the record of the arbitration proceedings. The arbitrator did not respond to the emails and the award was not amended.

arbitrator on the issue of attorney fees so the arbitrator had no basis for awarding any fees. Plaintiff neither disputes nor addresses this factual finding in his motion to this Court.

IV.

Plaintiff has not established a basis for this Court to vacate the arbitrator's award. Even if the arbitrator's denial of attorney fees constituted a legal error, the decision was properly within the scope of the arbitrator's authority. The evidence presented to this Court does not demonstrate that the arbitrator was aware of and consciously ignored the relevant law. Finally, the arbitrator offered an alternative reason for denying Plaintiff's legal fees. Because Plaintiff did not present any evidence to support the request, the arbitrator had no basis for making any award. The same conclusions apply to Plaintiff's request for costs and interest.

## ORDER

1. The Court **LIFTS THE STAY** and the Clerk will **REOPEN** this action.

2. For the reasons provided in the accompanying Opinion, Plaintiff Prashan Gunasekera's motion to vacate the arbitration award / for attorney fees, costs and interest (ECF No. 10) is **DENIED.**

**IT IS SO ORDERED.**

Date: March 20, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge