# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 12, 2021

Ms. Karen B. Berkery
Ms. Christina A. Ginter
Kitch Drutchas Wagner Valitutti & Sherbrook
One Woodward Avenue
Suite 2400
Detroit, MI 48226

Ms. Sandra Hanshaw Burink
Hanshaw Burink
501 Hillside Drive
Marquette, MI 49855

      Re: Case No. 20-1340, *Prashan Gunasekera v. War Memorial Hospital*
         Originating Case No. : 2:17-cv-00163

Dear Counsel,

 The Court issued the enclosed opinion today in this case.

             Sincerely yours,

             s/Cathryn Lovely
             Opinions Deputy

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0026n.06

No. 20-1340

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 12, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| PRASHAN GUNASEKERA, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| WAR MEMORIAL HOSPITAL, INC. | ) |
| Defendant-Appellee. | ) |

BEFORE: COOK, GRIFFIN, and LARSEN, Circuit Judges.

PER CURIAM. Dr. Prashan Gunasekera appeals the district court's order denying his motion for attorney fees, costs, and interest. As set forth below, we **AFFIRM** the district court's order.

Dr. Gunasekera filed a complaint against his former employer, The Chippewa County War Memorial Hospital, Inc., claiming discrimination and retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act, interference with his rights under the Family and Medical Leave Act (FMLA), fraud in the inducement, breach of contract, and intentional infliction of emotional distress. The Hospital filed a motion to dismiss Dr. Gunasekera's claims and to compel arbitration based on his employment agreement's arbitration clause. Granting the Hospital's motion in part, the district court compelled arbitration but stayed and administratively closed the case until either party sought confirmation of the arbitration award.

After a hearing and briefing by the parties, the arbitrator issued an award resolving the claims brought by both parties. With respect to Dr. Gunasekera's FMLA claim, the arbitrator

No. 20-1340, *Gunasekera v. War Mem'l Hosp.*

determined that the Hospital had violated his rights under the FMLA and that he was entitled to $18,000 in damages. The arbitrator, however, declined to award any attorney fees for Dr. Gunasekera's FMLA claim:

> The Family [and] Medical Leave Act states that in addition to any judgment awarded to the employee, reasonable attorney fees may also be awarded. Dr. Gunasekera and the hospital voluntarily chose by contract to have all employment issues resolved by arbitration and the dispute resolution section of the employment contract states that the parties are each obligated to pay their own costs and attorney fees. Since the powers of the arbitrator flow from the powers given to the arbitrator in the contract, attorney fees cannot be awarded in this arbitration case. Even if the contract did not prohibit the awarding of attorney fees, no evidence was submitted at the hearing which could be used as a basis for determining an appropriate amount of attorney fees allocated to the FMLA issue. Consequently, no attorney fees are awarded.

The arbitrator summed up the award with an order for the parties to make various payments to each other, stating that the "net result" was the Hospital's payment of $18,019 to Dr. Gunasekera and that "[n]o costs or attorney fees are ordered."

Dr. Gunasekera returned to the district court and filed a motion for attorney fees, costs, and interest under the FMLA. According to Dr. Gunasekera, the arbitrator exceeded his powers and acted in manifest disregard of the law by failing to award attorney fees and costs as required by the FMLA. The district court denied Dr. Gunasekera's motion, concluding that he had failed to establish a basis for vacating the arbitrator's award, and notified the parties of its intent to confirm the award. Dr. Gunasekera filed a notice of appeal. The district court subsequently confirmed the arbitrator's award.

In an appeal from a district court's decision declining to vacate or confirming an arbitrator's award, we review the district court's findings for clear error and its conclusions of law de novo. *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 599 (6th Cir. 2016). "Review of an arbitration award 'is one of the narrowest standards of judicial review in all of American

No. 20-1340, *Gunasekera v. War Mem'l Hosp.*

Jurisprudence.'" *McGee v. Armstrong*, 941 F.3d 859, 867 (6th Cir. 2019) (quoting *Way Bakery v. Truck Drivers Local No. 164*, 363 F.3d 590, 593 (6th Cir. 2004)). "Courts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error." *Samaan*, 835 F.3d at 600 (quoting *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 476 (6th Cir. 2006)).

Dr. Gunasekera argues that the arbitrator exceeded his powers by failing to award attorney fees. Under the Federal Arbitration Act, a court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "A party seeking relief under that provision bears a heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). "It is not enough for [the party] to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "Only if 'the arbitrator acts outside the scope of his contractually delegated authority'—issuing an award that 'simply reflects his own notions of economic justice' rather than 'drawing its essence from the contract'—may a court overturn his determination." *Oxford Health Plans LLC*, 569 U.S. at 569 (brackets omitted) (quoting *E. Associated Coal Corp. v. United Mine Works of Am., Dist. 17*, 531 U.S. 57, 62 (2000)). "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." *Id*. (quoting *E. Associated Coal Corp.*, 531 U.S. at 62).

In support of his argument that the arbitrator exceeded his powers in failing to award attorney fees, Dr. Gunasekera asserts that the FMLA mandates an award of attorney fees to a prevailing plaintiff, *see* 29 U.S.C. § 2617(a)(3), and that an employee cannot waive his prospective

No. 20-1340, *Gunasekera v. War Mem'l Hosp.*

right to attorney fees under the FMLA, *see* 29 C.F.R. § 825.220(d).  Although Dr. Gunasekera raises a legal error purportedly committed by the arbitrator, such an error does not establish that the arbitrator acted outside the scope of his authority under the parties' agreement.  *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997).  Dr. Gunasekera's employment agreement with the Hospital provided that any dispute arising under the agreement or in the course of the employment relationship would be submitted to arbitration and that the parties would be obligated to pay their own costs, including attorney fees.  The arbitrator resolved the parties' employment dispute in accordance with their agreement and relied on the terms of that agreement to decline to award any attorney fees.  Dr. Gunasekera has failed to demonstrate that the arbitrator exceeded his powers under the parties' agreement.

Dr. Gunasekera also argues that the arbitrator acted in manifest disregard of the law in failing to award attorney fees.  This court has previously recognized "a separate judicially created basis" for vacating an arbitration award where the "award was made 'in manifest disregard of the law.'"  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995) (quoting *Wilko v. Swan*, 346 U.S. 427 (1953)).  But the continued viability of the manifest-disregard standard is "an open question."  *Samaan*, 835 F.3d at 600.  Even if the standard still applies, Dr. Gunasekera has failed to establish that the arbitrator acted in manifest disregard of the law in denying attorney fees.  An arbitrator "does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator[] refused to heed that legal principle."  *Merrill Lynch*, 70 F.3d at 421.  An arbitrator's "mere error in interpretation or application of the law is insufficient" to satisfy this "very narrow standard of review."  *Id*.

No. 20-1340, *Gunasekera v. War Mem'l Hosp.*

Dr. Gunasekera has failed to demonstrate that the arbitrator was aware of any clearly defined legal precedent and consciously chose not to apply it. *See Dawahare v. Spencer*, 210 F.3d 666, 669–70 (6th Cir. 2000); *DiRussa*, 121 F.3d at 823. In his post-hearing brief to the arbitrator, Dr. Gunasekera merely asserted that, "[p]ursuant to the [FMLA], he is entitled to recover all of his monetary losses, including attorney fees." Dr. Gunasekera did not argue, let alone cite any statute or case law in support of such an argument, that the arbitrator was required to award attorney fees on the FMLA claim despite a provision in the agreement stating that the parties were obligated to pay their own attorney fees.

Regardless of whether the arbitrator exceeded his powers or acted in manifest disregard of the law by relying on the terms of the parties' agreement to deny attorney fees, the arbitrator provided an alternative basis for denying attorney fees—Dr. Gunasekera's failure to submit any evidence to allow the arbitrator to determine an appropriate amount of attorney fees attributable to the FMLA claim. Dr. Gunasekera argues on appeal that he submitted evidence of his attorney fees in his post-hearing brief to the arbitrator. In that brief, Dr. Gunasekera merely asserted that he was entitled to receive "all of his legal fees," which exceeded $35,000. Although Dr. Gunasekera claims that he could not provide a specific value for those fees because he continued to retain counsel, we find it dubious that he could not have submitted evidence of the amount of fees that had accrued to that date. Without any evidence of attorney fees, the arbitrator did not err by concluding that he had no basis for making an award of attorney fees.

For these reasons, we **AFFIRM** the district court's order denying Dr. Gunasekera's motion for attorney fees, costs, and interest.